**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IVAN DIAZ,
Petitioner-Appellant,

v.

No. 97-6586

MICHAEL MOORE, Director; CHARLES
CONDON,
Respondents-Appellees.

ANGEL GONZALEZ,
Petitioner-Appellant,

v.

No. 97-6604

MICHAEL MOORE, Director; CHARLES
CONDON,
Respondents-Appellees.

Appeals from the United States District Court
for the District of South Carolina, at Rock Hill.
William B. Traxler, Jr., District Judge.
(CA-96-1799-21BD, CA-96-1800-0-21BD)

Argued: December 5, 1997

Decided: March 16, 1998

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Denial of writ affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** W. Gaston Fairey, FAIREY, PARISE & MILLS, P.A., Columbia, South Carolina, for Appellant. Robert F. Daley, Jr., Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL, Columbia, South Carolina, for Appellees. **ON BRIEF:** Charles M. Condon, Attorney General, Donald J. Zelenka, Assistant Deputy Attorney General, OFFICE OF THE ATTORNEY GENERAL, Columbia, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

MURNAGHAN, Circuit Judge:

I.

Ivan Diaz and Angel Gonzalez, Petitioners, were two of seven individuals who emerged from Room 102 of the Greenville, South Carolina, Red Roof Inn on October 5, 1992, and entered a van parked directly in front of the room. Room 102 was under surveillance by members of the Greenville County Sheriff's Department because a confidential informant had reported seeing a quantity of cocaine there. As the police watched, the individuals went through what appeared to be a carefully choreographed routine, with one individual serving as a lookout while certain of the others loaded two gym bags into the van.[1]

The van, with Diaz as the driver,[2] departed the Red Roof Inn and

_____

[1] Neither of the Petitioners was the lookout, and there was no evidence that either of them participated in loading the van.
[2] Diaz argues that there was conflicting testimony concerning whether he was the driver of the van. Viewing the evidence presented in the light

drove a circling route from store to store in one particular area. The sheriffs regarded the van as acting suspiciously and believed that it was engaged in "countersurveillance." When the van stopped at a gasoline filling station, the sheriffs surrounded it and upon search found 9.2 pounds of cocaine in the rear of the van. A thorough search of the van revealed two beepers, $5,000 to $6,000 cash, wrapping paper and cellophane, tape and two firearms. All seven individuals were arrested.

The individuals were indicted, tried and convicted for 1) trafficking in cocaine, S.C. Code Ann. § 44-53-370(e), [3] and 2) transportation of cocaine, S.C. Code Ann. § 44-53-590.[4] Diaz and Gonzalez were sentenced to imprisonment for 30 years and fined $200,000 on the trafficking charge plus one year of imprisonment and a $5,000 fine on the transportation charge, the sentences for both charges to run consecutively.

_____

most favorable to the State, there was clearly sufficient evidence to support a finding by the trier of fact that Diaz was the driver of the vehicle. There was no evidence to support a finding that Gonzalez was anything more than a passenger in the van, however.

[3] The drug trafficking statute provides:

> Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of . . . ten grams or more of cocaine or any mixtures containing cocaine [shall be punished in accordance with this section].

S.C. Code Ann. § 44-53-370(e).

[4] Transportation of cocaine is the criminal counterpart to the South Carolina drug forfeiture statute and applies where a defendant "uses property or a conveyance in a manner which would make the property or conveyance subject to forfeiture." S.C. Code Ann. § 44-53-590. A conveyance such as a van is subject to forfeiture if used "unlawfully to conceal, contain, or transport or facilitate the unlawful concealment, possession, containment, manufacture, or transportation of . . . more than ten grains of cocaine." S.C. Code Ann. § 44-53-520(a)(6).

3

The Petitioners' convictions were affirmed, see State v. Bultron, 457 S.E.2d 616 (S.C. Ct. App. 1995), and the South Carolina Supreme Court denied certiorari. On June 13, 1996, the Petitioners filed for habeas corpus relief in the United States District Court for the District of South Carolina, alleging insufficiency of the evidence. The district court denied relief, and the Petitioners appealed.

II.

Before the passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. 104-132, 110 Stat. 1214, 28 U.S.C. § 2254, we evaluated insufficiency of the evidence claims by applying de novo the test elucidated by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319 (1979). As we explained in Evans-Smith v. Taylor, 19 F.3d 899 (4th Cir. 1994):

> The standard of review for a claim of insufficient evidence is whether, viewing the evidence in the light most favorable to the prosecution, Goldsmith v. Witkowski, 981 F.2d 697, 701 (4th Cir. 1992), and according the benefit of all reasonable inferences to the government, United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982), any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia , 443 U.S. 307, 319 (1979). The standard is obviously rigorous.

Evans-Smith, 19 F.3d at 905 (citations amended).

However, the AEDPA changed the standards by which a federal habeas court reviews the judgment of a state court, see Noland v. French, No. 97-10, 1998 WL 2804, at *3 (4th Cir. Jan. 7, 1998). Section 2254(d) now provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West Supp. 1997) (emphasis added). After the AEDPA, therefore, it is unclear to what extent a federal habeas court may review de novo the sufficiency of the evidence when examining a state court's application of the Jackson standard. Compare Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir.) ("Federal review of these claims therefore now turns on whether the state court provided fair process and engaged in reasoned, good-faith decisionmaking when applying Jackson's `no rational trier of fact' test."), vacated on other grounds, Gomez v. DeTella, 118 S. Ct. 37 (1997), with Jones v. Wood, 114 F.3d 1002, 1013 (9th Cir. 1997) (opining that "the district court's duty to ascertain the sufficiency of the evidence by engaging in a thorough review of the complete state record is unaffected by the AEDPA" because such a review is necessary for a determination whether the state court's judgment was unreasonable).

Both parties unfortunately neglected to address the issue whether the AEDPA still permits de novo review of the evidence when examining the reasonableness of the state court's application of Jackson. However, because we conclude the determination of the South Carolina Court of Appeals was reasonable, we do not reach that issue. There was sufficient evidence to convict Ivan Diaz, whom the jury could have concluded drove the van, under either a de novo or more deferential standard, although Angel Gonzalez's claim presents a more difficult issue under de novo review. **5** We hold that because the

_____

**5** Petitioners acknowledge that"in some circumstances, `[t]here is an inference that the driver of a vehicle has knowledge of the contraband within it.'" Brief of Petitioners at 9 (quoting United States v. Laughman, 618 F.2d 1067, 1076 (4th Cir. 1980)) (alteration in original). There we held that the defendant's "knowledge [of contraband within a vehicle]

5

petitioners filed their habeas petitions on June 13, 1996, after the April 24, 1996, date of enactment, the AEDPA applies to their claims.**6**

_____

can be drawn from the fact that he drove and had control of the vehicle." Laughman, 618 F.2d at 1076.

However, "there is no such inference on the part of a passenger." Id. Compare United States v. Aguiar, 610 F.2d 1296, 1304 (5th Cir. 1980) (holding that "[i]t is tempting, although all too often wrong, to suppose that mere presence is tantamount to participation, but actual presence at the scene of the crime is not sufficient" evidence alone for a reasonable jury to infer that a defendant was a party to an illegal conspiracy rather than an innocent bystander), with Laughman, 618 F.2d at 1075-78 (holding that the evidence was sufficient to support a conviction for possession of marijuana with intent to distribute where the defendant was "presen[t] at the boat ramp during the time in which the marijuana was transported to shore" and he was later found "in close proximity" to two boats containing marijuana residue). Nevertheless, mere aiding, abetting and facilitating drug trafficking and transportation is sufficient under South Carolina law to be guilty of the crimes for which Gonzalez was convicted. See S.C. Code Ann. §§ 44-53-370(e)(2), -55-520, and -55-590.

**6** This court has recognized that the application of the AEDPA's standards may be waived where neither party has raised the issue and where the statute's applicability is in question. See Arnold v. Evatt, 113 F.3d 1352, 1356, 1362 n.57 (4th Cir. 1997) (holding that the issue of the applicability of the AEDPA was waived where the habeas petition was filed in excess of two years prior to its enactment, and where the Supreme Court was currently examining the issue of the retroactivity of the AEDPA), cert. denied, Arnold v. Moore, 66 U.S.L.W. 3456 (U.S. Jan. 12, 1998) (No. 97-6646); see also Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996) (similarly holding waived the issue of the applicability of the AEDPA to a habeas petition filed more than two years prior to its enactment), cert. denied, 117 S. Ct. 1260 (1997). Congress clearly intended the standard of review of the AEDPA to apply to habeas petitions filed after its enactment, however, and we will not hold that the appropriate standard of review is waived just because the parties did not realize what that standard was. Furthermore, we note that the State did urge deference to its courts:

> When considering Appellants' claim of insufficient evidence
> on habeas review, this Court must first recognize that two state

6

See Lindh v. Murphy, 117 S. Ct. 2059, 2063 (1997) (holding that the AEDPA was "meant to apply to the general run of habeas cases only when those cases had been filed after the date of the Act").

III.

The Court of Appeals of South Carolina fully considered the Petitioners' claims that the evidence was insufficient to support their convictions on the bases either of aiding and abetting the crimes or of constructive possession of the drugs, applying a reasonable analogue of the Jackson analysis.[7]See State v. Bultron, 457 S.E.2d 616, 622-23 (S.C. Ct. App. 1995). The state appellate court sustained the convictions because there existed "substantial evidence which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced." Bultron, 457 S.E.2d at 622. Furthermore, the court found that "a jury could reasonably conclude not only that the [Petitioners] were knowingly involved in the commission of a criminal act, but that there had been some planning and agreement among them pertaining to the act." Id. at 623. After examining the record, we cannot conclude that the Court of Appeals of South Carolina's determination was unreasonable or contrary to Jackson. The writ, therefore, is denied as to both Diaz and Gonzalez pursuant to 28 U.S.C. § 2254(d)(1).

DENIAL OF WRIT AFFIRMED

_____

> courts, the trial court and the court of appeals, have reviewed Appellants' convictions for sufficiency of the evidence. Accordingly, the Court's role is to determine whether the state court adjudication has resulted in a satisfactory conclusion.

Brief of Respondent at 8-9.

7 Although the Jackson Court did not say so explicitly, its formulation has been understood to apply to state court review of the sufficiency of the evidence as well as federal habeas court review.